# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| THOMAS PAUL LEBON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )  No. 4:13-CV-1834-SPM |
| | ) |
| MISSOURI STATE PUBLIC | ) |
| DEFENDER SYSTEM, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Thomas Paul Lebon, Tommy Yarberry, Jacob Meeks, Alex Barragan, Frenchie Bond, Earl Dixion, Carleton J. Sherwood, Sheadrick Coleman, Tyrone Buckley, David Reed, Jr., Carlton Strickland, Scotty Hooe, Stephen D. Green, Raymond Glass, Craig Beck, and Ricky D. Jackson, all of whom are prisoners confined at the Missouri Eastern Correctional Center, have jointly filed a complaint seeking relief pursuant to 42 U.S.C. § 1983. In addition, Timothy C. Rice has filed a motion to be added as a plaintiff to this action [Doc. #10]. Plaintiff Lebon has filed a motion for leave to proceed in forma pauperis [Doc. #2]. Plaintiffs Lebon, Meeks, Yarberry, Strickland, Barragan, Hooe, and Beck have filed inmate account statements [Docs. #3-#9]. For the following reasons, plaintiffs will not be permitted to join in a single complaint.

The Prison Litigation Reform Act of 1995 (PLRA) provides that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Implementation of the PLRA was designed to make prisoners experience the deterrent effect of the filing fee. *See Hampton v. Hobbs*, 106 F.3d 1282, 1286 (6th Cir. 1997). Each individual plaintiff must feel the financial effect of filing a suit in federal court. *See id.*; 28 U.S.C. § 1915(b).  As such, the PLRA's mandate that each prisoner pay the full filing fee requires that individual prisoners bring separate actions, rather than file jointly under Rule 20 of the Federal Rules of Civil Procedure. *Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001), *cert. denied*, 534 U.S. 1136 (2002); *see also Lilly v. Ozmint*, 2007 WL 2021874 *1 (D.S.C. July 6, 2007) (slip copy) ("Multiple filing fees cannot be collected for one case filed by multiple plaintiffs, thus the PLRA's requirement that a prisoner pay the full fee for filing a lawsuit would be circumvented in a multiple plaintiff case subject to the PLRA"); 28 U.S.C. § 1914.

Additionally, "the impracticalities inherent in multiple-prisoner litigation militate against the permissive joinder allowed by Rule 20." *Hagwood v. Warden*, 2009 WL 427396 *2 (D.N.J. Feb. 19, 2009) (slip copy) (citing *Wasko v. Allen Cnty. Jail*, 2006 WL 978956 (N.D. Ind. 2006); *Swenson v. MacDonald*, 2006 WL 240233 *2-4 (D. Mont. 2006) (slip copy)).

> Among the difficulties noted by these courts are the need for each plaintiff to sign the pleadings, and the consequent possibilities that documents may be changed as they are circulated or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation.  These two district courts have also noted that jail populations are notably transitory, making joint litigation difficult.  A final consideration . . . was the possibility that "coercion, subtle or not, frequently plays a role in relations between inmates."

*Id.*

Last, because § 1915(g) imposes a strike only if the entire action is dismissed, the joinder of multiple prisoner-plaintiffs under Rule 20 would allow some prisoners to avoid the risk of incurring strikes under § 1915(g) where, for example, only one inmate's claim was found to be viable.  Prisoners should not be allowed to circumvent the penalties associated with filing frivolous actions by joining claims under Rule 20.  For these reasons, the Court will not allow plaintiffs to proceed jointly in the instant case. [1]  Because Thomas Paul Lebon is the lead plaintiff, the Court will strike Tommy Yarberry, Jacob Meeks, Alex Barragan, Frenchie Bond, Earl Dixion, Carleton J. Sherwood, Sheadrick Coleman, Tyrone Buckley, David Reed, Jr., Carlton Strickland, Scotty Hooe, Stephen D. Green, Raymond Glass, Craig Beck, and Ricky D. Jackson

---

[1] To the extent that plaintiffs are seeking to bring a class action, their request to do so is denied.  Under Rule 23(a)(4), a class representative must "fairly and adequately protect the interests of the class."  Additionally, a litigant may bring his own claims to federal court without counsel, but not the claims of others.  *See* 28 U.S.C. § 1654; *see also* 7A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1769.1 ("class representatives cannot appear pro se.").

as plaintiffs in this action.[2]  Similarly, the Court will not allow Timothy Rice to be added as a plaintiff to this action.  Any plaintiff who wishes to pursue his claims in a separate action may do so by submitting a complaint on the form the Court provides for filing actions pursuant to 42 U.S.C. § 1983.  The complaint must be accompanied by either (1) the filing fee of $400.00 **or** (2) a motion for leave to proceed in forma pauperis with a certified copy of the plaintiff's inmate account statement.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall **STRIKE** plaintiffs Tommy Yarberry, Jacob Meeks, Alex Barragan, Frenchie Bond, Earl Dixion, Carleton J. Sherwood, Sheadrick Coleman, Tyrone Buckley, David Reed, Jr., Carlton Strickland, Scotty Hooe, Stephen D. Green, Raymond Glass, Craig Beck, and Ricky D. Jackson from this action.

**IT IS FURTHER ORDERED** that Timothy C. Rice's motion to be added as a party-plaintiff [Doc. #10] is **DENIED**.

Dated this 28th day of October, 2013.

/s/Jean C. Hamilton
**UNITED STATES DISTRICT JUDGE**

---

[2]Striking plaintiffs from the instant action does not count as a "strike" against them for purposes of 28 U.S.C. § 1915(g).